KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (Bar No. 197271)
mboroumand@kilpatricktownsend.com
STEVEN D. MOORE (Bar No. 290875)
smoore@kilpatricktownsend.com
DARIUS C. SAMEROTTE (Bar No. 296252)
dsamerotte@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:    415 576 0300

Attorneys for Plaintiff
GOPRO, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GOPRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>C&A MARKETING, INC., C&A LICENSING, LLC, AND PLR IP HOLDINGS, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff GoPro, Inc. (hereinafter "GoPro") files this Complaint for Patent Infringement against Defendants C&A Marketing, Inc., C&A Licensing, LLC, and PLR IP Holdings, LLC (hereinafter "Defendants"), based on their infringement of U.S. Patent Nos. 9,025,896 and 9,282,226 and would show the Court the following:

## **PARTIES**

1. GoPro is an award-winning producer of versatile, mountable, and wearable cameras and accessories that help people capture immersive and engaging footage of themselves and others enjoying their most memorable life experiences.  GoPro is a Delaware corporation with its principal place of business in San Mateo, California.

2. On information and belief, C&A Marketing, Inc. is a New Jersey corporation with



COMPLAINT FOR PATENT INFRINGEMENT                                                                                       - 1 -
CASE NO.

Case 5:16-cv-03590-NC   Document 1   Filed 06/27/16   Page 2 of 10

its principal place of business in Ridgefield Park, New Jersey.

3. On information and belief, C&A Licensing, LLC is a New Jersey corporation with its principal place of business in Ridgefield Park, New Jersey.

4. On information and belief, PLR IP Holdings, LLC is a Delaware corporation with its principal place of business in Minnetonka, Minnesota.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the claims detailed herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, personal jurisdiction exists generally over Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of California and within the Northern District of California.  Personal jurisdiction also exists specifically over C&A Marketing, Inc. because of its conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of California and within the Northern District of California.  Personal jurisdiction also exists specifically over C&A Licensing, LLC and PLR IP Holdings, LLC because of their conduct in selling and/or offering to sell infringing products within the State of California and within the Northern District of California.

7. Upon information and belief, the infringing products are offered for sale through authorized sales representatives or entities located within this judicial district as well as through the website https://www.polaroidcube.com/shop/, which also contains instructions and encouragement for the practice of infringing acts.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), (c), (d) and 28 U.S.C. § 1400(b).

## INTRADISTRICT ASSIGNMENT

9. This is an intellectual property action and is therefore assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

## FACTS

10. Since its inception, GoPro has been transforming the way people capture, manage, share, and enjoy meaningful life experiences through its versatile cameras and accessories as well



COMPLAINT FOR PATENT INFRINGEMENT                                                                                            - 2 -
CASE NO.

1  as its proprietary technology for capturing images, transmitting, editing, and viewing those
2  images.

3    11. GoPro is widely known within the consumer electronics industry as being an
4  innovator based on the high-quality of its cameras and the content recorded using those cameras.
5  For example, *Fast Company* named GoPro as one of "The World's 50 Most Innovative
6  Companies," and GoPro is routinely granted utility patents, design patents, copyrights, and
7  trademark registrations for its innovative and ground-breaking endeavors.

**United States Patent No. 9,025,896**

9    12. The cameras GoPro developed and made wildly popular – HERO®, HERO2,
10 HERO3, HERO3+, HERO4, HERO4 Session, and others – were and are successful in part
11 because of the quality of the images and video captured by the devices.  As GoPro's cameras
12 increased the quality of the images obtained, the amount of data needed to record, render, store,
13 and display those images also increased.

14   13. Due to the HERO camera line's revolutionary compact design, the HERO cameras
15 either lack a view finder on the camera itself or have a small LCD screen.  One way to view
16 captured images or preview images is through wirelessly connecting a camera and a mobile device
17 using an app.

18   14. GoPro owns and possesses the exclusive right to enforce the intellectual property
19 rights of United States Patent No. 9,025,896 ("the '896 Patent").  The '896 Patent covers an
20 invention relating to the capture of high resolution ("hi-res") images and subsequent preview of
21 lower resolution ("lo-res") images.  The invention reduces the computational and bandwidth
22 demands of trying to preview the captured hi-res images and can be used in viewing captured
23 images through an app.

24   15. The '896 Patent is valid and enforceable, and a true and accurate copy is attached
25 as Exhibit A.

26   16. Among other things, the '896 Patent improved image capture and processing by
27 allowing the capture of hi-res images and the transmission and viewing of lo-res images
28 representative of the captured hi-res images.



17. For example, claim 1 of the '896 Patent is a method for decoding an encoded image where the device stores encoded image data that represents the original image at an original resolution.

18. The method of claim 1 further involves a request for a preview of the original image where the preview comprises the original image at a preview resolution less than the original resolution.

19. Under the method of claim 1, the preview image is created by decoding a subset of the original image planes.

20. The '896 Patent specification and file history, in part, describe the benefits of such a method over the state of the art, and thus this invention represents important technology in the area of hi-res image capture.

**United States Patent No. 9,282,226**

21. In 2011, GoPro began to design the square-front camera that eventually became the HERO4 Session. GoPro also provides numerous acclaimed accessories for its cameras, and the HERO4 Session is no exception. In keeping with its innovative approach to developing cutting-edge technology, GoPro filed patent applications on its camera and its related accessories, including United States Design Patent No. D745,589 and United States Patent Nos. 8,992,102 and 9,282,226 ("the '226 Patent").

22. Recognizing that users of GoPro cameras often use GoPro products in rugged or action environments, GoPro designed a housing to protect and mount the HERO4 Session camera. Again, in keeping with its legacy of innovation and contribution to the field, GoPro filed for and obtained, among others, the '226 Patent.

23. GoPro owns and possesses the exclusive right to enforce the intellectual property rights of the '226 Patent.

24. The '226 Patent is valid and enforceable, and a true and accurate copy is attached as Exhibit B.

25. The '226 Patent enabled placing a housing about a specific camera that contained a Universal Serial Bus ("USB") on the rear and having an opening in the housing on the front or

1  rear of the housing.

2      26.    For example, claim 2 of the '226 Patent describes a camera with a lens on a square
3  front face; a rear, top, bottom, left, and right face that are substantially square; a housing that is a
4  square in at least one dimension, at least partially abuts every face, and has an opening within
5  either the front or rear of the housing.

6      27.    The '226 Patent specification and file history, in part, describe the benefits of the
7  camera and housing described in the claims over the state of the art, and this invention thus
8  represents important technology in the area of portable, mountable cameras.

9  **Defendants' Infringement of GoPro's Intellectual Property**

10      28.    By its own admission, C&A Marketing, Inc. manufactures, distributes, and markets
11  Polaroid brand photography equipment and accessories.  PLR IP Holding, LLC owns
12  polaroidcube.com through which Defendants sell Polaroid brand photography equipment and
13  accessories.  Two such Polaroid brand cameras are the Polaroid Cube and Polaroid Cube+.

14      29.    Defendants advertise the Polaroid Cube and Polaroid Cube+ directly against GoPro
15  cameras such as the HERO4 and HERO4 Session, including by making statements such as "no pro
16  required" and having previously shown GoPro cameras such as the HERO4 Session in their own
17  advertising.

18      30.    Because GoPro focuses its efforts not just on image capture and processing
19  technology, GoPro was already designing accessories for use with the HERO4 Session before
20  January 2014 as well.

21      31.    After the launch of Polaroid Cube, and later Polaroid Cube+, Defendants began to
22  offer for sale a "Bumper [Pendent] Case" for use with those devices.

23      32.    Defendants manufacture, promote, and sell the Bumper Case for use with both the
24  Polaroid Cube and Polaroid Cube+ camera, as seen in this images from their site:

| Camera Without Bumper | Camera With Bumper |
|---|---|

 

*See, e.g.*, https://www.polaroidcube.com/shop/polaroid-cube-plus-blue (showing the Cube+, left) and http://www.polaroid.com/products/bumper-case-for-polaroid-cube (showing the Polaroid Camera in the Bumper Case, right).

33. Defendants have promoted the Bumper Case as being "exclusively designed" for the Polaroid Cube line of cameras and that it "protects [the camera] from wear and tear."

34. The Polaroid Cube+ was released after the Polaroid Cube and offers "Wi-Fi" connectivity.

35. Defendant C&A Marketing, Inc. also provides an "App" called "Polaroid Cube+" on both the iTunes Store and the Google Play Store for use with the Polaroid Cube+.

36. As shown below, Defendants' manufacture, offers for sale, sale, promotion, and/or importation of the Bumper Case, Polaroid Cube, and the Polaroid Cube+ each constitutes acts of infringement of GoPro's valuable intellectual property.

<u>COUNT 1</u>
**(Patent Infringement of the '896 Patent)**

37. GoPro repeats and incorporates by reference the preceding Paragraphs 1–36 as though reproduced here in their entirety.

38. On information and belief, the Polaroid Cube+ includes a processor and/or software capable of decoding an encoded image in the manner claimed in the '896 Patent.

39. Specifically, the Polaroid Cube+ is promoted as being able to capture image data at resolutions of 1080 and 1440. When used in conjunction with the Polaroid Cube+ App available for the iOS and Android operating systems, a preview image less than the captured resolution can be displayed on a device requesting such a display.



40. The original capture image is stored on the Polaroid Cube+ in memory.

41. The Polaroid Cube+ App will request from the Polaroid Cube+ a preview image that was accessed from a subset of encoded image planes less than all image planes and decodes those planes to create the preview image at preview resolution.

42. On information and belief, the Polaroid Cube+ when used in conjunction with the Polaroid Cube+ App will display a preview containing either less than the original capture pixel resolution or encoded frame data.

43. The Polaroid Cube+ App is specifically designed to be used with the Polaroid Cube+ and possesses no substantial non-infringing uses.

44. Defendants were aware of the '896 Patent at least as of the service of this Complaint.

45. Defendants specifically promote, encourage, and instruct acts of infringement by promoting the use of the Polaroid Cube+ App to function as a viewfinder for the Polaroid Cube+ providing step by step instructions on how to conduct infringement.  The user manual actively instructs customers to download, install, and use the Polaroid Cube+ App in order to make use of the camera.

46. On information and belief, Defendants make, use, offer to sell, sell within or import into the United States the Polaroid Cube+ that directly infringes at least claims 1, 4, and 10 of the '896 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

47. On information and belief, Defendants have induced and continue to induce infringement of the claims of the '896 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendants' customers and end-users) through activities such as marketing the Polaroid Cube+ and Polaroid Cube+ App, creating and/or distributing data sheets, application notes, and/or similar materials with instructions on using the Polaroid Cube+ and Polaroid Cube+ App, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States, without license or authority from GoPro, cameras and encoding means that fall within the scope of the '896 Patent. On information and belief, Defendants know that the induced acts constitute



infringement of the '896 Patent.

48. On information and belief, Defendants offer to sell or sell within the United States or import into the United States the Polaroid Cube+ cameras and the Polaroid Cube+ App for use with those cameras in violation of 35 U.S.C. § 271(c).

49. Unless enjoined by this Court, Defendants will continue to infringe the '896 Patent. GoPro has suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendants' infringing conduct, for which there is no adequate remedy at law. Accordingly, GoPro is entitled to temporary, preliminary, and/or permanent injunctive relief against each infringement pursuant to 35 U.S.C. § 283.

50. Defendants' infringement of the '896 Patent has damaged and will continue to damage GoPro. GoPro is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but will be determined at trial.

### COUNT 2
**(Patent Infringement of the '226 Patent)**

51. GoPro repeats and incorporates by reference the preceding Paragraphs 1–36 as though reproduced here in their entirety.

52. The Polaroid Cube and Cube+ have front, rear (opposite the front), top, bottom (opposite the top), left, and right (opposite the left) faces, each of which are substantially square.

53. The front face has a camera lens.

54. The Bumper Case is substantially square, at least when looking at the front face.

55. When placed on a Polaroid Cube or Cube+, the Bumper Case at least partially abuts each face of the camera.

56. The Bumper Case has an opening within its front side.

57. End-users of the Polaroid Cube or Cube+ cameras with a Bumper Case directly infringe at least claim 2 of the '226 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

58. On information and belief, Defendants have marketed, advertised, and sold the Polaroid Cube and/or Polaroid Cube+ together with the Bumper Case as a bundle.



59. The Bumper Case was exclusively designed for use as a case for the Polaroid Cube and Cube+ cameras and has no substantial non-infringing uses.

60. Defendants were aware of the '226 Patent at least as of the service of this Complaint.

61. Defendants have induced and continue to induce infringement of the claims of the '226 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendants' customers and end-users) through activities such as marketing the Bumper Case, creating and/or distributing data sheets, application notes, and/or similar materials with instructions on using the Bumper Case, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States, without license or authority from GoPro, Bumper Cases that fall within the scope of the '226 Patent. On information and belief, Defendants know that the induced acts constitute infringement of the '226 Patent.

62. Defendants offer to sell or sell within the United States or import into the United States the Polaroid Cube and Cube+ cameras and the Bumper Case for use with those cameras in violation of 35 U.S.C. § 271(c).

63. Unless enjoined by this Court, Defendants will continue to infringe the '226 Patent. GoPro has suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendants' infringing conduct, for which there is no adequate remedy at law. Accordingly, GoPro is entitled to temporary, preliminary, and/or permanent injunctive relief against each infringement pursuant to 35 U.S.C. § 283.

64. Defendants' infringement of the '226 Patent has damaged and will continue to damage GoPro. GoPro is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but will be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, GoPro prays for relief in its favor, as follows:

A. A judgment that Defendants have infringed, directly and/or indirectly, literally and/or under the doctrine of equivalents, the patents-in-suit in violation of 35 U.S.C. § 271;



1         B.     An order and judgment preliminary and permanent enjoining Defendants, their officers, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement of patents-in-suit;

      C.     A judgment awarding GoPro damages in an amount no less than a reasonable royalty to compensate for Defendants' infringement of the patents-in-suit, together with costs, prejudgment, and post-judgment interest;

      D.     Costs of suit and reasonable attorneys' fees; and

      E.     Any further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GoPro demands a trial by jury on all issues so triable.

DATED: June 27, 2016          Respectfully submitted,

                                      KILPATRICK TOWNSEND & STOCKTON LLP

                                      By: */s/ Mehrnaz Boroumand Smith*
                                              MEHRNAZ BOROUMAND SMITH

                                      Attorneys for Plaintiff
                                      GOPRO, INC.

68477617V.1

