UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOPRO, INC.,

          Plaintiff,

    v.

C&A MARKETING, INC., et al.,

          Defendants.

Case No. 16-cv-03590-JST

**ORDER GRANTING MOTION TO STRIKE**

Re:  ECF No. 54

      Before the Court is Plaintiff GoPro, Inc.'s ("GoPro") Motion to Strike the Declaration of Alan C. Bovik in Support of Defendants' Claim Construction Brief.  ECF No. 54.  The Court will grant the motion.

## I.      BACKGROUND

      In this patent case, GoPro alleges infringement of U.S. Patent Nos. 9,025,896 (the "'896 patent") and 9,282,226 (the "'226 patent").  ECF No. 1.  The parties began making their respective claim construction disclosures in January of this year.  See ECF No. 33.  On February 21, 2017, Defendants C&A Marketing, Inc., C&A Licensing LLC, and PLR IP Holdings, LLC (collectively "C&A") served on GoPro their disclosures pursuant to Patent Local Rule 4-2, providing proposed constructions and supporting evidence for the four disputed claim terms of the '896 patent.[1]  ECF No. 54-2.  In the cover pleading for these disclosures, C&A stated that it "may rely on expert testimony or [an expert] declaration . . . ."  Id. at 2.  In the accompanying table, C&A included for each term an identical statement that it "may rely upon the testimony of an expert to explain how

---

[1] In their Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement, the parties agreed that the asserted claims of the '226 patent "require no construction and should be given their plain and ordinary meaning."  ECF No. 38 at 2.

one of skill in the art would understand [the claim term] at the time of the invention." Id. at 4, 7, 10, 12.  It did not identify any potential expert by name.

Thereafter, the parties conferred as required by Patent Local Rule 4-2(c) in advance of filing the Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement.  GoPro claims, and C&A does not deny, that C&A did not identify a claim construction expert during that conference.  ECF No. 54-1 at 2, ¶ 5.

On March 17, 2017, the parties filed their Joint Claim Construction and Prehearing Statement pursuant to Patent Local Rule 4-3.  ECF No. 38.  In that disclosure, the parties stated that they would not be calling any witnesses at the claim construction hearing.  Id. at 4.  In the accompanying exhibit providing both parties' proposed constructions and proffered support, C&A again provided the same statement it included in its Patent Local Rule 4-2 disclosures – namely, that it "may" rely on expert testimony regarding how one of ordinary skill in the art would understand the claim term.  Id. at 3, 8, 14, 15.  Once again, it did not identify an expert by name. The claim construction discovery period closed on April 7, 2017.  ECF No. 33 at 1.

On April 21, 2017, C&A Marketing filed a petition for inter partes review of the '896 patent, and included with its petition an expert declaration from Alan C. Bovik, Ph.D dated April 18, 2017.  ECF No. 54-1 at 2, ¶¶ 4, 6, ECF No. 54-3.  On April 28, 2017, GoPro filed its Opening Claim Construction Brief.  ECF No. 42.  GoPro's brief did not rely on expert testimony.  On May 10, 2017, the parties conferred again regarding the upcoming tutorial and claim construction hearing.  ECF No. 54-1 at 2, ¶ 7.  During that conference, C&A did not identify Dr. Bovik as a claim construction expert and again confirmed that it would not be calling any witnesses at the claim construction hearing.  Id.  On May 12, 2017, C&A filed its Responsive Claim Construction Brief.  ECF No. 48.  C&A attached to that brief a declaration by Dr. Bovik, ECF No. 48-2.  In it, Dr. Bovik offered an opinion as to the appropriate level of skill in the art for the '896 patent (¶¶ 19-21), described and summarized the '896 patent and the disclosed embodiments (¶¶ 22-28), and opined that the four disputed terms had no ordinary meaning to one of ordinary skill in the art and that C&A's proposed constructions were correct (¶¶ 29-31).  On May 19, 2017, GoPro filed its Reply Claim Construction brief.  ECF No. 53.  In that brief, GoPro did not directly address Dr.

Bovik's declaration. The same day, GoPro filed a motion to strike Dr. Bovik's declaration, which the Court now considers.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." That rule "gives teeth" to Rule 26's disclosure and supplementation requirements, including the requirement that parties disclose expert reports "at the times and in the sequence that the court orders." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(D).

The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic" sanction to "provide[] a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. Yeti, 259 F.3d at 1106.

Preclusion of late-filed evidence is not appropriate if the party's failure to provide information was "substantially justified" or "is harmless." Fed. R. Civ. P. 37(c)(1). "Disruption to the schedule of the court and other parties . . . is not harmless." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).

## III.      DISCUSSION

Patent Local Rule 4-2 requires the parties to exchange their preliminary proposed constructions for disputed claim terms, as well as the support – both within the patent (intrinsic evidence) and outside of the patent (extrinsic evidence) – for those proposed constructions. Patent L.R. 4-2(b). The rule requires parties who may rely on expert testimony to "provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." Patent L.R. 4-2(b).

Patent Local Rule 4-3, which sets out the requirements for the Joint Claim Construction and Prehearing Statement, likewise requires identification of "any extrinsic evidence known to the

3

1    party on which it intends to rely either to support its construction or to oppose any other party's

2    proposed construction," including "testimony of percipient and expert witnesses." Patent L.R. 4-

3    3(b).[2]

4         Here, in both its Patent Local Rule 4-2 and 4-3 disclosures, C&A provided a single

5    boilerplate sentence stating that it "may" – not that it will – rely on the testimony of an

6    unidentified expert regarding how one of ordinary skill in the art would understand the disputed

7    claim terms. This sentence does not describe the "substance of [the] witness' proposed testimony"

8    as required by Patent Local Rule 4-2(b). And given that C&A did not identify its expert by name

9    until it submitted its Responsive Claim Construction Brief, it could not have identified the

10   "testimony of percipient and expert witnesses" as required by Patent Local Rule 4-3(b).

11        The Court acknowledges there is some ambiguity in the Patent Local Rules regarding the

12   level of detail required to adequately preserve the right to rely on expert testimony. However,

13   under any reasonable reading of these rules, C&A's disclosures failed to put GoPro on notice of

14   C&A's intent to rely on expert testimony. A prior opinion of this Court squarely addressed the

15   disclosure requirements of the Patent Local Rules with respect to expert opinion. Tristrata, Inc. v.

16   Microsoft Corp., No. 11-cv-03797-JST, 2013 WL 12172909, at *2 (N.D. Cal. May 13, 2013).

17   There, the plaintiff, like C&A here, claimed to have a "good faith dispute [with the defendants]

18   over the meaning of Patent Local Rule 4-3," with the plaintiff interpreting the rule to mean "that it

19   could disclose its expert's declaration for the first time with its opening claim construction brief."

20   Id. at *2. The Court rejected this argument then for the same reason it does here: "Local Rule 4-

21   3(b) does require the filing of any expert report simultaneously with the JCCPS." Id. (emphasis in

22

23   _____

24   [2] Parties intending to call a witness at a claim construction hearing must also disclose "the identity
     of each such witness, and for each witness, a summary of his or her testimony including, for any
25   expert, each opinion to be offered related to claim construction." Patent L.R. 4-3(e). Though
     C&A has indicated it does not intend to call Dr. Bovik at the claim construction hearing, the same
26   disclosure requirement arguably applies equally to both expert declarations and live expert
     testimony. See Friskit, Inc. v. RealNetworks, Inc., No. C 03-5085 FMS, 2005 WL 6249309, at *1
27   (N.D. Cal. Mar. 22, 2005) ("Whether the expert testifies in court or by declaration, the result is the
     same: the sworn testimony of an expert is part of the claim construction record. Thus, the 4-3(d)
28   [equivalent to today's 4-3(e)] requirements apply to any sworn testimony offered as substantive
     evidence."). Because the Court decides the motion based on other provisions of the Local Rules,
     it does not reach this question.

original).

The Court therefore finds that C&A did not properly disclose Dr. Bovik's testimony as required by the Federal Rules and the Court's Patent Local Rules. Thus, the declaration should be stricken or excluded unless C&A's failure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that C&A's failure to comply with the rules was neither justified nor harmless.

C&A's primary justification for its belated disclosure of Dr. Bovik is that it had a good faith belief that it had complied with the rules. C&A relies primarily on <u>Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.</u> to support its contention that it preserved the right to rely on expert testimony in its pre-briefing disclosures. No. C-01002 JW, 2011 WL 7295479, *2-3 (N.D. Cal. Apr. 7, 2011). There, the district court declined to strike an expert declaration that was served for the first time with the plaintiff's opening claim construction brief. <u>Id.</u> at *2. But unlike C&A here, the plaintiff in <u>Reflex Packaging</u> actually identified its expert by name in the Joint Claim Construction and Prehearing Statement, giving the defendant some reason to think that the plaintiff would actually be relying on expert testimony. <u>Id.</u> Moreover, in that case the "Defendant received notice of Plaintiff's intent to use an expert less than a month after the parties exchanged their Preliminary Claim Constructions and Defendant had another month to conduct discovery, although it chose not to do so." <u>Id.</u> at *3. Here, GoPro did not receive notice of C&A's expert declaration until nearly two months after the exchange of preliminary claim constructions and extrinsic evidence, and well after the close of claim construction discovery. Similarly, though the court in <u>HTC Corp. v. Technology Properties Ltd.</u> found a boilerplate reservation of rights such as the one invoked by C&A here may be enough to preserve the right to offer expert testimony at a claim construction hearing, it required the plaintiff to make its expert available for deposition <u>before</u> the opening claim construction brief, and found that depriving the plaintiff of that opportunity would be "grounds for the exclusion of an expert." No. 5:08-cv-00882 JF/HRL, 2010 WL 4973628, *2-3 (N.D. Cal. Dec. 1, 2010). Moreover, in both <u>HTC</u> and C&A's remaining case, as in <u>Reflex Packaging</u>, the party opposing the motion to exclude had identified its proposed expert by name – something C&A failed to do here. <u>HTC Corp.</u>, 2010 WL 4973628, at *1-2; <u>Cisco Sys. Inc v.</u>

Arista Networks, Inc., No. 14-CV-05344-BLF, ECF No. 144 (Motion to Strike Declaration of Kevin Almeroth) at 2-3, 2016 WL 3277009, at *1 (N.D. Cal. Dec. 7, 2015). These cases do not support C&A's interpretation of the Patent Local Rules. And given this Court's recent interpretation of Patent Local Rule 4-3, C&A's interpretation of the rules is not substantially justified.

Nor is C&A's failure to comply with the rules harmless. Due to C&A's belated expert disclosure, GoPro had no opportunity to take Dr. Bovik's deposition in advance of its opening brief or to offer its own expert declaration to address the opinions likely to be offered by Dr. Bovik. Wong, 410 F.3d at 1062 ("Disruption to the schedule of the court and other parties . . . is not harmless.").

C&A otherwise attempts to shift the blame to GoPro, stating that GoPro provided a similar boilerplate reservation of its right to rely on expert testimony and that GoPro could have avoided motion practice by stipulating to an extension of the claim construction briefing and taking a short deposition of Dr. Bovik before the claim construction hearing. Id. at 3 ("The parties' initial disclosures of potential expert witnesses were similar."), 4 (criticizing GoPro for filing this motion instead of accepting C&A's offer of compromise). As an initial matter, the fact of GoPro having reserved its right to rely on expert testimony is irrelevant because GoPro did not offer any such testimony. Regarding C&A's second point, its offer of a short deposition and giving GoPro the opportunity to address the expert declaration in its reply brief would not undo the prejudice to GoPro. Without knowing whether C&A planned to rely on expert testimony, GoPro could not make an informed choice as to whether to provide its own expert declaration with its opening brief, nor could it address C&A's expert opinions in its opening brief. And while the Court agrees that GoPro could – and probably should – have addressed Dr. Bovik's opinions in its reply brief, the Court does not believe that GoPro's failure to do so affects the merits of this motion.

C&A contends that, even assuming its interpretation of the expert disclosure requirements in the Patent Local Rules is incorrect, striking the declaration would be "draconian." ECF No. 59 at 4, 5. The Court disagrees. As against the prejudice to GoPro identified above, C&A will suffer only the loss of a declaration it characterizes as "cite[d] only to support a handful of background

concepts and a single sentence in Defendants' claim construction analysis." Id. at 4. In short, this is not a case where the exclusion of evidence will eliminate a claim or end the case. See Dugan v. Cty. of Los Angeles, No. CV 11-8145 CAS SHX, 2013 WL 3863979, at *4 (C.D. Cal. July 23, 2013) (excluding evidence where, among other things, defendants did not "explain[] why [the witness]'s testimony is critical to their case"). In fact, it will merely bring the parties back to parity, since neither will then be relying on expert testimony. Striking Dr. Bovik's declaration would not be extreme or unwarranted.

## CONCLUSION

GoPro's Motion to Strike the Declaration of Alan C. Bovik is granted.

IT IS SO ORDERED.

Dated: May 30, 2017

_____
JON S. TIGAR
United States District Judge